[No. 803.    August 23, 1898.]

TERRITORY OF NEW MEXICO, Appellee, v. THOMAS ARCHIBEQUE and ALBERTO CEBADO, Appellants.

SYLLABUS BY THE COURT.

CRIMINAL LAW—APPEAL—TRANSCRIPT——DUTY OF CLERK.—On appeal in a criminal case, where the appeal operates as a stay of proceedings, either by virtue of the statute as in murder cases or by order of the district court, it is the duty of the clerk of that court to send up the transcript whether appellant pay his fees therefor or not.

*Application* of appellants for rule on clerk of Second Judicial District Court, Bernalillo County, to send up transcript of record.    Granted and made absolute.

HORTON MOORE for appellants.

F. W. CLANCY for clerk.

PARKER, J.—This cause is before the court on an application of appellants for a rule on the clerk of the Second judicial district court to send to this court a transcript of the record in the district court in and for Bernalillo county. It appears from the application that the appellants were convicted in the district court for the crime of arson and sentenced to imprisonment in the territorial penitentiary for the period of five years each; that appellants each were granted an appeal from said judgment to this court; that the district court upon granting said appeal also further ordered as follows, "and it is · further ordered that said appeal operate as a stay of proceedings in this cause."

The clerk of the district court appears by counsel and represents that he has failed to send up the transcript for the reason that appellants have failed to pay his legal fees for the same, and the parties consent that this application may be decided as though the rule on the clerk had been granted and his response had been filed showing the above reason for his failure to send up the transcript.

The question presented is whether in a criminal case appealed to this court, and in which the district court granting the appeal also makes a specific order that the appeal shall operate as a stay of proceedings in the cause, the clerk of the district court is required to send up a transcript of the record below without receiving his legal fees therefor from appellants. By section 3413 of the Compiled Laws of 1897, it is provided that "Where an appeal shall be taken which operates as a stay of proceedings, it shall be the duty of the clerk of the district court to make out a transcript of the record in the cause, and certify and return the same to the office of the clerk of the supreme court without delay." By section 3414 it is provided that "When the appeal does not operate as a stay of proceedings, such transcript shall be made out, ratified (certified) and returned on the application of the appellants." The distinction

APPEAL: transcript: duty of clerk.

made in these two sections of the statutes as to the duty of the clerk is apparent and it is clear that when an appeal in a criminal case operates as a stay of proceedings, as by section 3420 of the Compiled Laws of 1897 it is made to operate in all cases of murder, it is made the duty of the clerk of the district court to send up the transcript whether the appellant pays for the same or not. And it has been so held by this court. Territory v. Hicks, 6 N. M. 596; Aguilar v. Territory, 8 N. M. 495.

It is provided however in section 3407 of the Compiled Laws of 1897 which applies to crimes other than murder, that "No such appeal shall stay execution of such judgment unless the district court shall be of the opinion that there is probable cause for such appeal or so much doubt as to render it expedient to take the judgment of the supreme court thereof, and shall make an order expressly directing that such appeal shall operate as a stay of proceedings."

In this case the order was made by the district court under the foregoing section directing that the appeal should have the effect of a stay of the proceedings. It is contended by counsel for the clerk that the appeal not being in itself a stay of proceedings, as appeals in murder cases are made to be by section 3420 of the Compiled Laws, therefore this is not a case within the contemplation of section 3413 of the Compiled Laws; but we agree to this contention. It is certainly immaterial whether the appeal derived its power to stay proceedings from the statute as in murder cases or from an order of the district court, as in this case.

It is, therefore, the duty of the clerk of the district court to send up the transcript whether the appellants pay his fees for the same or not. The rule as prayed for will be granted and made absolute.

Mills, C. J., and McFie, J., concur; Leland, J., did not sit in this cause.